## Price's Estate

*J. Earl Ogle, Jr.,* for petitioner.

REED, P. J., February 27, 1933.—The Johnstown Trust Company, testamentary guardian of the estate of William V. Price, minor child of the decedent, who is 11 years old, presented a petition in which it is averred that said decedent during his lifetime procured the issuance of policies of insurance upon the lives of three of the four children whom he left to survive him, namely, Sarah Price, Philip M. Price, Jr., and Charles S. Price; that all of said policies of life insurance are 20-year endowment policies in the sum of $10,000, and all were issued by Fidelity Mutual Life Insurance Company of Philadelphia; that petitioner was informed and verily believes it was the intention of the decedent to procure the issuance of a policy of life insurance in the same amount by the same company on the life of William V. Price, the remaining minor child. It is further set forth that the Fidelity Mutual Life Insurance Company of Philadelphia issues a 20-year endowment policy at the age of 11 years, in consideration of the payment of an annual premium of $469.80, which said premium will be reduced by application of dividends beginning with the premium for the second year, and petitioner has learned after making due inquiry that the average reduction in the amount of the premium by the application of dividends as aforesaid is 15 to 20 percent.

It is further averred that petitioner believes that the contract of life insurance proposed would be for the advantage and benefit of William V. Price, the petitioner's ward.

The presentation of a petition of this character is without precedent as far as we have been able to discover, and no authorities have been submitted to the court in support of the prayer in the petition; therefore, we have given the case very careful and serious consideration before coming to any conclusion as to whether or not the court had jurisdiction to entertain this petition. If this were an ordinary life insurance policy, made for and in behalf of the beneficiary alone, we could not grant the prayer of the petitioner, even though the deceased in his lifetime had taken out policies for his other children, but the application is "to enter into a contract with the Fidelity Mutual Life Insurance Company of Philadelphia for the issuance of said company's $10,000 20-year endowment life insurance policy upon the life of William V. Price." It cannot be questioned that an insurance contract of this character is such a contract as an ordinary prudent business man would enter into, not only in behalf of him-

self but in the interest of his estate, and the father of this minor, in his lifetime, prudently entered into similar contracts for his three other children; and, further, the petitioner, testamentary guardian of the estate of William V. Price, has certified to this court that he "verily believes that the contract of life insurance proposed will be for the advantage and benefit of William V. Price, your petitioner's ward"; and, furthermore, the petitioner being a testamentary guardian, one in whom the deceased placed implicit confidence to look after the estate of the deceased's child. All these elements appeal to the court, and we believe that the petitioner should be permitted to enter into this contract, and that it will be for and in the best interest of the ward so to do; and having come to that conclusion, we grant the prayer of the petitioner and sign the decree attached to the petition.